# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RHONDA KAY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-174-RAW-KEW |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Rhonda Kay Smith (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 7, 1963 and was 49 years old at the time of the ALJ's latest decision. Claimant completed her education through the eleventh grade. Claimant has worked in the past as a cook, seamstress, trailer assembler, fast food worker, and shoe machine worker. Claimant alleges an inability to work beginning April 1, 2008 due to limitations resulting from lower

3

back pain, severe spinal disformation, and depression.

## Procedural History

On March 20, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. After an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on February 15, 2012. The Appeals Council denied review and an appeal was taken to this Court.

Prior to filing an answer, however, Defendant filed sentence six motion because a consultative mental examination had been performed by a person who did not have an active medical license at the time of the examination. (Tr. 1099). The case was remanded to Defendant under sentence six of 42 U.S.C. § 405(g). (Tr. 1097-98).

On May 27, 2014, a second administrative hearing was conducted by ALJ James Bentley in McAlester, Oklahoma. On October 16, 2014, the ALJ issued a second unfavorable decision. This case was reopened on January 6, 2015 since jurisdiction had been retained after the sentence six remand. The decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.984, 416.1484.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) indirectly relying upon stricken medical evidence in assessing Claimant's mental limitations; (2) giving great weight to the opinion of a physician while ignoring parts of her opinion that contradicted the ALJ's findings; and (3) failing to perform a proper credibility assessment.

**Consideration of the Medical Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of right knee degenerative disc disease with spondylosis, syncope episodes, major depressive disorder, and post traumatic stress disorder. (Tr. 1016). The ALJ concluded that Claimant retained the RFC to perform light work. In so doing, the ALJ found Claimant could lift/carry twenty pounds occasionally and ten pounds frequently; could stand/walk up to six hours in an eight hour workday; and could sit up to six hours in an eight hour workday. Claimant requires a sit/stand option. Claimant can never

climb ropes, ladders, and scaffolds and she could only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The ALJ limited Claimant to simple tasks with routine supervision, occasional contact with co-workers and supervisors, and no work related contact with the general public. (Tr. 1019).

After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of mail sorter, collator operator, and routing clerk. (Tr. 1026). As a result, the ALJ found Claimant was not disabled from April 1, 2008 through the date of the decision. Id.

Claimant first contends the ALJ indirectly relied upon and gave great weight to an opinion from a non-agency physician who based his opinion upon the examination by Patrick Turnock, Ph.D. This case was remanded at Defendant's urging because Dr. Turnock did not have an active medical license when he conducted his consultative examination. The ALJ concluded that Dr. Turnock was "not qualified to perform the consultative examination" upon which the prior decision relied and that re-evaluation of the evidence was necessary disregarding Dr. Turnock's psychological examination. (Tr. 1013). On remand, Defendant removed Dr. Turnock's examination from the administrative record. (Tr. 580-84).

The ALJ stated in his decision that he was relying upon and

6

giving "great weight" to the opinion of Dr. Ronald Smallwood, a non-examining agency physician. Dr. Smallwood produced two reports upon which the ALJ relied. The first is a Psychiatric Review Technique form dated July 23, 2009. At the end of the report, Dr. Smallwood included a narrative statement of the information upon which he relied. He stated

> The claimant is a 45 year old female who alleges DDD, back pain and depression. She reports depression for many years. She has 2 suicide attempts with the most recent being 05/24/09. The MER shows suicidal attempt, acute alcohol intoxication and depression. She was released the following day to family. She started Mental Health Services on June 5, 2009. Her initial diagnosis is MDD, recurrent, severe without psychotic features.
>
> 05/30/09 MSE: the claimant was appropriately dressed and groomed. She had good eye contact. She speaks clearly and was cooperative. Thought processes logical and goal directed. She denies currently suicidal ideation. No evidence of psychotic episodes. Mood sad. She was alert and oriented to person, place, time and situation. Her memory and concentration appear intact. Judgement intact. Diagnosis Major depressive disorder, moderate.

(Tr. 290).

The only report in the record from May 30, 2009 was from the examination performed by Dr. Turnock. Since Dr. Smallwood did not examine Claimant but merely reviewed records done by others, he relied upon Dr. Turnock's evaluation and observations to reach his conclusions. Defendant does not challenge Dr. Smallwood's reliance upon Dr. Turnock's report but contends the report was supported by

7

an opinion provided by Dr. Stephanie C. Crall. This opinion, however, was authored after Dr. Smallwood's report and could not have been relied upon for its findings. In part, the ALJ gave "great weight" to Dr. Smallwood's opinion because it was "based upon a thorough review of the medical record as a whole" – including, as it turns out, the stricken report of Dr. Turnock. It Dr. Turnock's examination report was not permitted because of his lack of licensing, surely all reports which relied upon his findings are equally tainted. On remand, the ALJ shall insure that all references, reliances, and opinions contained in the medical record are purged of Dr. Turnock's examination findings and report before relying upon the same for his conclusions.

**Medical Opinion Evidence**

Claimant also challenges the ALJ's reliance upon portions of Dr. Crall's opinion while rejecting other portions that favored a finding of disability. The ALJ ordered a post-hearing consultative examination of Claimant which was conducted by Dr. Crall. Dr. Crall examined Claimant on June 23, 2014. She diagnosed Claimant with Major Depressive Disorder, Severe without Psychotic Features; Posttraumatic Stress Disorder, Chronic; and Generalized Anxiety Disorder. (Tr. 1468).

Dr. Crall concluded that Claimant's ability to engage in work-

8

related mental activities, such as sustaining attention, understanding, and remembering and to persist at such activities was likely adequate for simple and some complex tasks. She also stated that "the presence of depression, posttraumatic stress, generalized anxiety, chronic pain, and an inability to stand for extended amounts of time likely interfered with her ability to adapt to a competitive work environment." (Tr. 1468).

Dr. Crall also completed a medical source statement. She concluded Claimant was moderately limited in the areas of interacting appropriately with the public, supervisors, and co-workers and responding appropriately to usual work situations and to changes in a routine work setting. (Tr. 1463).

While the ALJ acknowledged all of these findings and gave Dr. Crall's opinion "great weight", he made no accommodation for the inability to adapt restriction in his RFC assessment or provide an explanation for omitted the restriction. (Tr. 1024). An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, the ALJ shall consider this additional moderate restriction.

**Credibility Determination**

Claimant asserts the ALJ grossly exaggerated her activities of daily living in justifying the rejection of her testimony on limitations her medical impairments impose. It does appear that the ALJ adopted as fact without limitation that Claimant could perform certain activities such as tending to her personal care needs and house work while her testimony was more restrictive – largely, that her husband had to help her perform these functions. (Tr. 238). On remand, the ALJ shall review his findings on credibility for completeness and insure that they accurately reflect the level of Claimant's independent ability. Krauser v. Astrue, 638 F.3d 1324, 1332-33 (10th Cir. 2011).

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will

preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of March, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE